IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:19-CV-74-BO

| | | |
|---|---|---|
| PATRICE WASHINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ANDREW SAUL, | ) | |
| *Commissioner of Social Security*,[1] | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on July 28, 2020, via videoconference, over which the undersigned presided from Elizabeth City, North Carolina. For the reasons discussed below, plaintiff's motion for judgment on the pleadings is DENIED and defendant's motion is GRANTED.

BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying his application for disability and disability insurance benefits pursuant to Title II of the Social Security Act as well as supplemental security income pursuant to Title XVI of the Social Security Act. Plaintiff filed his applications for benefits on August 17, 2011, and alleged a disability onset date of August 9, 2011. After initial denials, an Administrative Law Judge (ALJ) held a hearing on November 27, 2013. The ALJ found that plaintiff was not disabled, which

---

[1] Saul has been substituted as the proper defendant pursuant to Fed. R. Civ. P. 25(d).

became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then sought review of the Commissioner's decision in this Court.

Plaintiff's claim for benefits was remanded for further proceedings by order of this Court filed August 30, 2016. *Washington v. Colvin*, No. 7:15-CV-177-JG (Gates, Magistrate Judge, presiding). A second hearing was held before an ALJ on June 22, 2017. The ALJ determined that plaintiff was not disabled by decision dated December 12, 2017. This decision became the final decision of the Commissioner when the Appeals Council again denied plaintiff's request for review. Plaintiff again sought review of the Commissioner's unfavorable decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

2

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

The ALJ determined that plaintiff met the insured status requirements through December 31, 2014, and had not engaged in substantial gainful activity since the alleged onset date, August 9, 2011. At step two, the ALJ found that plaintiff had the following severe impairments: degenerative disc disease, degenerative joint disease of the left knee, and obesity. At step three, the ALJ found that plaintiff's impairments did not meet or equal a Listing, either alone or in

combination, and found plaintiff to have the residual functional capacity to perform medium work with exertional limitations on climbing, kneeling, and crawling. The ALJ determined that plaintiff could not perform his past relevant work as a furniture mover, but that, considering his age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that plaintiff could perform, including hand packager, store laborer, and dining room attendant. Thus, the ALJ determined that plaintiff was not under a disability as of the date of his decision.

Plaintiff's appeal assigns two errors to the Commissioner's decision. The Court addresses each in turn.

First, plaintiff argues that the ALJ failed to expressly consider all the evidence by failing to consider any of the testimony from the second hearing. In support, plaintiff cites to a portion of the ALJ's decision which recounts plaintiff's hearing testimony and expressly cites to the first hearing date. However, in the decision on appeal, the ALJ states that he has considered all the evidence in the record, and there is no requirement that an ALJ refer to each piece of evidence in the decision. *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014). Moreover, there are references in the decision which reflect that the 2017 hearing testimony was considered by the ALJ. For example, at the 2017 hearing plaintiff testified that his brother helped him with his chores, and this fact is referenced in the ALJ's decision. Tr. 494; 468. Similarly, at the 2017 hearing plaintiff testified that he had been diagnosed with gout, and plaintiff's gout is referenced in the portion of the decision which discusses plaintiff's hearing testimony. Tr. 491-92, 471. Moreover, Plaintiff has failed to identify any specific testimony which he contends the ALJ did not consider which was harmful, and thus has not demonstrated that the Commissioner has erred on this ground.

4

Second, plaintiff argues that the ALJ erred by improperly discounting relevant postural limitations contained in the opinion of Dr. Gebrail. In his opinion, Dr. Gebrail offered limitations which he specified were based upon plaintiff's subjective complaints rather than clinical observation. Tr. 434, 471. Dr. Gebrail's observations of plaintiff included a stable gait and tenderness in hips but the ability to move freely. Tr. 470. Dr. Gebrail also observed plaintiff to have full range of motion in the hips and knees while removing and putting on his socks, but then exaggerated limitations during a range of motion examination. Dr. Gebrail further noted that plaintiff's pain was overstated on exam and limited to the physical examination. Tr. 471. The ALJ then discounted Dr. Gebrail's limitations as being inconsistent with the record, including Dr. Gebrail's own observations of plaintiff and opinion regarding plaintiff's overstatement of his pain. Tr. 472.

The ALJ's decision to discount the postural limitations offered by Dr. Gebrail is supported by substantial evidence as Dr. Gebrail himself notes that the limitations are based only on plaintiff's subjective complaint and further describes plaintiff as overstating his pain and range of motion limitations on exam. Plaintiff has failed to demonstrate that the ALJ erred on this ground.

At bottom, the ALJ considered all of the evidence in the record and thoroughly explained the reasons for his decision. The decision of the Commissioner is therefore affirmed.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that the decision as a whole is supported by substantial evidence and the correct legal standard was applied. Accordingly, plaintiff's motion for judgment on the pleadings [DE 19] is

DENIED and defendant's motion [DE 22] is GRANTED. The decision of the Commissioner is AFFIRMED.

SO ORDERED, this _20_ day of August, 2020.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE